## IN RE: FORMAL INQUIRY CONCERNING JUDGE HERBERT W. WELCH

[Misc. (Judicial Disabilities) No. 1,
September Term, 1978.]

*Decided June 26, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ORTH and COLE, JJ., and JAMES F. COUCH, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*William F. Mosner* for Commission on Judicial Disabilities.

*Philip J. Guenzer* for Judge Herbert W. Welch.

PER CURIAM. ORTH, J., dissents and filed a dissenting opinion at page 74 *infra.*

The Commission on Judicial Disabilities, acting pursuant to authority vested in it by §§ 4A-4B of Art. IV of the Constitution of Maryland, and Maryland Rule 1227, instituted proceedings against Herbert W. Welch, a judge of the Orphans' Court of Cecil County, on a complaint charging specified violations of the Canons and Rules of Judicial Ethics, Maryland Rule 1231. An evidentiary hearing was held before the Commission on February 16, 1978. Judge Welch appeared and was represented by counsel.

By opinion filed on April 3, 1978, the Commission concluded that Judge Welch had violated the ethical canons and rules and that his conduct was prejudicial to the proper administration of justice. It recommended that Judge Welch be censured; one member concluded that the proper sanction was removal from office. No exceptions were taken by Judge Welch to the Commission's recommendation of censure.

As required by § 4B (b) of Art. IV of the Constitution of Maryland, we scheduled the matter for a hearing at which counsel for Judge Welch and the Commission appeared and were heard. After careful consideration, we adopt the opinion of the majority of the Commission, which is hereto appended.[1]

> *For the reasons set forth, it is this 26th day of June, 1978, by the Court of Appeals of Maryland, ordered that the recommendation of a majority of the Commission on Judicial Disabilities be, and it is hereby, accepted; and it is further ordered that Judge Herbert W. Welch be, and he is hereby, censured.*

---

1. After the hearing before us, Judge Welch amended his financial disclosure statements for the calendar years 1974, 1975, 1976, and 1977 to reflect receipt of income from sources other than and additional to his salaried compensation as a judge of the Orphans' Court of Cecil County. See Rule 8 of the Rules of Judicial Ethics (Maryland Rule 1231) and Schedule E of the "Statement of Financial Interest" required to be filed by all Maryland judges.

## OPINION OF THE COMMISSION ON JUDICIAL
## DISABILITIES

The Commission on Judicial Disabilities recommends that Judge Herbert W. Welch, a judge of the Orphans' Court of Cecil County, be censured for conduct prejudicial to the proper administration of justice.

The operative facts supporting the complaint, filed by a Cecil County attorney, are without dispute. At the formal hearing the Judge, through his counsel, submitted a "Stipulation" (Exhibit 7). It was also conceded that the procedural steps imposed upon the Commission by Maryland Rule 1227 were followed.

Judge Welch was elected to the Orphans' Court of Cecil County in November 1974 and has served regularly as a judge on the court since that time. Prior to his election he was engaged as a public auctioneer in Cecil County for five or six years. This was a part-time occupation, and Mr. Welch was regularly employed by General Motors, Wilmington, Delaware. As stated in the Stipulation and as confirmed by Judge Welch in his testimony at the formal hearing, he continued as a part-time auctioneer during his tenure as judge. In that capacity he handled at least three public auction sales involving estates that were being administered through the Orphans' Court of Cecil County, including one for which the Complainant was an attorney. Judge Welch also conducted a limited number of auction sales for attorneys in non-estate matters. He charged his standard commission of 15% for the estate auctions. At the hearing he admitted that he failed to disclose any of this auction sale income on any of the public annual financial disclosure forms required to be filed with the State Court Administrator by Rule 8 of the Canons and Rules of Judicial Ethics (Md. Rule 1231).*

The provisions of the Canons and Rules of Judicial Ethics are applicable to judges of the Orphans' Courts.

"A judge under these Canons and Rules shall mean a judge of the Court of Appeals, of the Court of

---

* Independent examination of the public record confirms this fact.

Special Appeals, of the Circuit Court for the Counties, of the Supreme Bench of Baltimore City, of the District Court, of the Orphans' Courts and all other judges elected or subject to election, and those appointed if the full term of the particular office is for not less than four years." (Rule 14, Md. Rule 1231)

See also Advisory Opinion No. 2 of the Ethics Committee of the Court of Appeals, September 14, 1971, Maryland Judicial Ethics Handbook, p. B2. While an Orphans' Court judge is only a part-time position, all of the Canons and Rules apply to the incumbent except those which are specifically made applicable only to full-time judges.

The Commission is unanimous in its conclusion that Judge Welch was not permitted to participate as an auctioneer in estate sales while a judge of the Orphans' Court. We are in accord with a similar unanimous conclusion of the Judicial Ethics Committee in its Opinion No. 58, rendered October 21, 1977 (Maryland Judicial Ethics Handbook, p. B-70).

Canon IV admonishes a judge that his "official conduct should be free from impropriety *and the appearance of impropriety*" (emphasis added) and that "his personal behavior, not only upon the Bench and in the performance of judicial duties, but also in his everyday life, should be beyond reproach." As it relates to otherwise private business activities, Canon XXIV states that "A judge should avoid giving ground for any reasonable suspicion that he is utilizing the power or prestige of his office to persuade or coerce others to patronize or contribute, either to the success of private business ventures, or to charitable enterprises. He should, therefore, not enter into such private business, or pursue such a course of conduct, as would justify such suspicion. . . ." Rule 9 specifies that "A judge shall not, directly or indirectly, lend the influence of his name or the prestige of his office to aid or advance the welfare of any private business. . . ."

At the Formal Hearing the testimony presented by and on behalf of Judge Welch pointed out the active role played by

the current Orphans' Court of Cecil County in carefully reviewing petitions for attorneys' fees and personal representative's commissions and in demanding great detail in accountings submitted to the court for approval. The Judge's answer to the Notice of Formal Hearing emphasized this.

The goal of the canons and rules of Judicial Ethics is to hold the office of judge above suspicion of abuse of power. Judge Welch has testified that he did not actively solicit the business and that he did not actively solicit from attorneys the non-estate auction business he performed during his tenure as judge. In light of the important functions he performs as an Orphans' Court judge in passing upon various petitions and filings presented by local attorneys, including, occasionally, petitions for their own fees, it is clear to us that his auctioneering activity defeats the goals of Canons IV and XXIV and Rule 9 and violates them both in spirit and in fact. As quoted with approval by the Court of Appeals in the case of *In Re Foster,* 271 Md. 449, 474, 318 A. 2d 523 (1974) the Reporter for the Special Committee which drafted the American Bar Association Code of Judicial Conduct has stated:

> "... A Judge should not exploit his judicial position to gain a business advantage, nor should he engage in business dealings that would involve him in frequent transactions with lawyers or persons likely to appear in his court. *The aim is to prevent the appearance to litigants, lawyers, and the public that patronizing the business in which a judge is actively involved will work to the advantage of the litigant, or that failure to patronize the business will work to his disadvantage.*" (Emphasis added)

Judge Welch has conceded the acts complained of but says that he should be excused because he was unaware of the Canons at the time and did not actively solicit the auctioneering business he received. He also points to the fact that a predecessor judge on the Orphans' Court acted as an auctioneer while sitting on the bench. We have found no

actual solicitation of estate or other auctioneering business. At the same time Judge Welch did not decline such business when offered by attorneys or others. It is certainly no excuse for him to say that he was unaware of the existence of the Canons of Ethics and their application to him. By their terms they could not have been more explicit in applying to him. Moreover, he did acknowledge that he received and filed the financial disclosure forms mandated by these very Canons and Rules, though he failed to disclose his auctioneering income.

The fact that another judge in the past may have acted in the same manner is no excuse for Judge Welch's behavior. The Court of Appeals rejected a similar contention in *In Re Diener and Broccolino,* 268 Md. 659, 670, 304 A. 2d 587 (1973):

> "Nor do we see any merit in the notion that because some other judges may have pursued the same course the conduct of (the judge) ... somehow becomes blameless."

Indeed, after the impropriety was pointed out to him, and even after it was in effect conceded by him that his activity was improper and he stopped accepting estate auction sales, he nonetheless refused to refund the commission received in the estate auction sale out of which this complaint arose.

So long as judges of the Orphans' Courts of this State are to be afforded the title of judge and empowered to perform judicial functions including the exercise of discretion when passing upon petitions for fees and commissions and the review of the sufficiency of filed documents, their actions, both official and private, must conform to the expectations of the public as expressed in the Canons and Rules of Judicial Ethics. Judge Welch failed to conform his behavior to those well publicized, interpreted and specific rules. He engaged in repeated conduct which gave rise to the appearance of impropriety. Such conduct cannot be ignored. We recommend that he be censured.

74

*Orth, J., dissenting* :

I would remove Judge Welch from office for the reasons set out in the minority opinion of Chairman Richard P. Gilbert which is hereto appended. That Judge Welch, *after the hearing before us,* amended his financial disclosure statements for the calendar years 1974, 1975, 1976 and 1977 to reflect receipt of income from sources other than and additional to his salaried compensation as a judge of the Orphans' Court of Cecil County, does not persuade me to the contrary.

*Opinion by Richard P. Gilbert, Chairman.*

I concur with the factual recitations as set forth by the majority.

Judge Welch failed to disclose to the Administrative Office of the Courts the income received from his auctioneering endeavors, a fact which he admitted under oath.

An examination of the financial disclosures filed by Judge Welch will demonstrate that he has answered the question relative to income in the negative on each of the disclosures, 1973, 1974, 1975, 1976, made by him. In verifying Judge Welch's admission against interest of non-disclosure it became apparent that he failed to disclose *any* other income including employment by General Motors as well as the income received from his employment with the Maryland Department of Agriculture as a Weed Control Officer.

I am unable to agree with the majority that Judge Welch's conduct calls for only censure. Under the circumstances of this case, the judge's failure to report the income from auctioneering, in my view, leads to a clear inference that he knew that he should not have participated in the sale of assets of estates then pending in the very court of which he was and is a judge and exacerbates the offense.

His persistent failure to disclose *any* income save that of his nominal judicial salary accentuates his seemingly utter insensitivity to the nature of the office to which he has been elected.

I believe Judge Welch's violation of Canons IV and XXIV, coupled with his admitted violation of Judicial Ethics Rule 8, considered in the light of the disclosure reports themselves, requires the judge's removal from office.

Accordingly, I recommend that Judge Welch be removed from office.